UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GREEN INNOVATION TECHNOLOGIES INC.** <br> PLAINTIFF <br><br> v. <br><br><br> **PURIFICS WATER INC.** <br> DEFENDANT | CASE NO.: <br><br> RE: Act 75 of Puerto Rico, P.R. Laws Ann. Tit. 10, § 278-278d |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COME NOW** Plaintiff, GREEN INNOVATION TECHNOLOGIES INC. (GIT), undersigned counsel, and respectfully state as follows:

**PARTIES**

1. Plaintiff, Green Innovation Technologies INC. (hereinafter, GIT), is a corporation organized and existing under the laws of Puerto Rico, with its principal address in Guayama, Puerto Rico.

2. Defendant, PURIFICS WATERS INC. (hereinafter, PW), is a corporation organized and existing under the laws of Canada, with principal address Ontario, Canada.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to **28 U.S.C. § 1332(a)** due to the diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Plaintiff, Green Innovation Technologies INC., is a corporation organized and existing under the laws of Puerto Rico, whose principal place of business is in **Puerto Rico**.

Defendant, Purifics Water INC., is a corporation organized and existing under the laws of Canada, whose principal place of business is in **Canada**.

4. Venue is proper in the District of Puerto Rico under **28 U.S.C. § 1391(b)** as the events or omissions giving rise to this action occurred in Puerto Rico and the Defendant conduct business in this jurisdiction.

## INTRODUCTION

5. This Complaint seeks remedies against Defendant for the unilateral termination of the Distribution Contract between the parties, without just cause, that constitutes an unlawful action which violated Act 75 of Puerto Rico, P.R. Laws Ann. Tit. 10, § 278-278d resulting in the loss of expected capital gains, operational disruptions, reputational damage, and other consequential damages which total **$2,500,000.00**.

## FACTS AND GENERAL ALLEGATIONS

6. Plaintiff entered into an Independent Sales Representative Agreement (hereinafter, the "Agreement") with Defendant on June 9, 2020, whereby PW granted GIT authorization to promote and sell PW's products as an exclusive authorized independent agent in the Commonwealth of Puerto Rico. *Exhibit 1*.

7. Furthermore, the Agreement authorized GIT to procure the products and resell them to its clients in Puerto Rico.

8. Under the Agreement, Plaintiff invested significant resources, time, and effort to establish and expand Defendant's market presence in Puerto Rico.

9. Pursuant to Clause Eighteen (18) of the Agreement, it was to have a duration of one (1) year and would be automatically renewed unless either party objected.

10. Despite Plaintiff's compliance with its contractual obligations, on May 22, 2024, GIT received a letter announcing the termination of the Agreement without just cause. ***Exhibit 2.***

11. This termination was carried out in violation of Act 75 of Puerto Rico, P.R. Laws Ann. Tit. 10, § 278-278d, which protects distributors and representatives from unjust termination of their contracts.

12. Act 75, also known as the "Dealer's Act," ensures that distributors in Puerto Rico are treated fairly and prohibits principals from arbitrarily terminating distribution agreements without just cause.

13. Just Cause is defined under Act 75 as the "[n]onperformance of any of the essential obligations of the dealer's contract on the part of the dealer, or any action or omission on his part that adversely and substantially affects the interest of the principal or grantor in promoting the marketing or distribution of the merchandise or service." P.R. Laws Ann. Tit. 10, § 278(d).

14. Plaintiff qualifies as a "dealer" under Act 75, as Plaintiff effectively took charge of the distribution of Defendant's merchandise/services in Puerto Rico.

15. Additionally, Act 75 establishes that the principal shall be liable for damage caused to the sales representative when it is demonstrated that there was an impairment of the contractual agreements without just cause, as occurred in this case.

16. Due the unilateral, unlawful, and unjustified termination of the contract by PW, GIT has suffered the following damages:

    a. **Loss of Expected Capital Gains**, with estimated damages amounting to **$1,000,000.00**. These losses stem from the unfulfilled expectations created by the

   agreement, which directly impacted GIT's projected business growth and profitability.

   b. **Operational Disruptions**, with estimated damage amounting to **$300,000.00**. These losses stem from the interruptions to GIT's business processes, including loss of customer relationship and missed opportunities due to the abrupt termination.

   c. **Reputational Damage**, with estimated damages of **$700,000.00**, resulting from the negative perception among industry stakeholders and clients due to the unexpected termination.

   d. **Other Consequential Damages**, estimated damages of **$500,000.00**, covering legal costs, administrative burdens, and additional losses directly related to the breach.

17. These damages total **$2,500,000.00** and reflect the financial and reputational harm suffered by GIT, directly attributable to PW unlawful termination of the agreement.

18. On December 19, 2024, GIT, through its legal representation, sent an extrajudicial claim to PW via email, to which the Defendant never responded. *Exhibit 3*

## PRAYER OF RELIEF

WHEREFORE Plaintiff respectfully request that this Honorable Court enter judgment in its favor and against Defendant:

A) Awarding compensatory damages in an amount of $2,500,000.00;

B) Award pre and post judgment interest as allowed by law;

C) Awarding attorney's fees and costs incurred in this action; and

D) Granting such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a Trial by Jury on all issues so triable.

**RESPECTFULLY SUBMITTED**.

Submitted, the 15 of April 2025.



472 Ave Tito Castro
Edificio Marvesa, Suite 106
P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 787-841-1435
notificaciones@bufete-emmanuelli.com

*/s/Rolando Emmanuelli-Jiménez*
Rolando Emmanuelli-Jiménez, Esq.
USDC: 214105
rolando@emmanuelli.law

## CERTIFICATE OF SERVICE

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the parties of record.



P.O. Box 10779
Ponce, Puerto Rico 00732
Tel.: 787-848-0666
Fax: 787-841-1435
notificaciones@bufete-emmanuelli.com


*/s/Rolando Emmanuelli-Jiménez*
Rolando Emmanuelli-Jiménez, Esq.
USDC: 214105
rolando@emmanuelli.law
